JUDGE CROTTY

14 CV 5768

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

SUN KWON KIM AND CAFFE BENE CO., LTD.,

                    Plaintiff,

-against-

JOHN DOE(S) 1-10,

                    Defendants.

-----------------------------------------------------------X

RECEIVED JUL 28 2014

Civil Action No.:
U.S.D.C. S.D.N.Y.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs SUN KWON KIM ("Kim") and CAFFE BENE CO., LTD. ("Caffe Bene"), by their attorneys, Frecker & Shim LLC, as and for their Complaint against Defendants JOHN DOE(S) 1-10, alleges, upon information and belief, as follows:

**NATURE OF ACTION**

1. This is a diversity action seeking damages and injunctive relief for defamation, libel *per se*, and injuries falsehood committed by Defendants.

**PARTIES**

2. Plaintiff Kim is a person and resides in Seoul, Korea.

3. Plaintiff Caffe Bene is a corporation duly organized and existing under the laws of Republic of Korea, with its principal place of business located at Bene Tower 701, Young-Dong-Dae-Ro, Gang-Nam-Gu, Seoul, Korea.

4. Each Defendant is a person and, upon information and belief, resides in the United States of America.

5. Each Defendant is a member, user or subscriber of an internet community site designed for Koreans residing in the United States of America, called MissyUSA.com with its website address at http://www.missyuse.com.

6. The true names and capacities of the Defendants are unknown to Plaintiffs at this time. Upon information and belief, MissyUSA.com has and maintains the Internet Protocol ("IP") address assigned to each Defendant by his or her Internet Service Provider ("ISP") on the date and time at which Defendant published the defamatory statements at issue. Upon information and belief, MissyUSA.com and ISP also have and maintain the member, user or subscriber information of each Defendant. Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendant's true name.

## JURISDICTION AND VENUE

7. This is a civil action involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact is wholly between Plaintiffs, citizens of the Republic of Korea, and Defendants, citizens of the United States of America. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. This Court also has supplemental jurisdiction over the claim for relief that arises under New York statutory and/or common law pursuant to 28 U.S.C. § 1376(a) because it forms part of the same controversy and derives from the same facts.

8. Venue in this District is proper under 28 U.S.C. § 1391(b). Although the true identity of each Defendant is unknown to Plaintiffs at this time, upon information and belief, each Defendant may be found in this District and/or a substantial part of the

acts complained of herein occurred in this District. Upon information and belief, personal jurisdiction in this District is proper because each Defendant disseminated and/or published the defamatory statements at issue over the Internet. Such dissemination or publication occurred in every jurisdiction in the United States, including this one.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff Kim is the founder and CEO of Caffe Bene and maintains an office located at Bene Tower 701, Young-Dong-Dae-Ro, Gang-Nam-Gu, Seoul, Korea.

10. Caffe Bene is a company in the business of franchising a café and has a total of approximately 1,521 stores in 13 countries.

11. Caffe Bene owns the following subsidiary companies: Black Smith, Mainzdome, December 24, and *Chupungryeong Gamjatang*, all of which are still doing business.

12. MissyUSA.com is an internet community site where its members, users or subscribers can, *inter alia*, obtain information in the areas of education, home, food, motherhood, health, and beauty, conduct online shopping, view business directories, and post and view comments. A registration is required to access MissyUSA.com and post comments there. Upon information and belief, it is one of the largest internet communities for Koreans residing in the United States of America.

13. On or about July 4, 2014 and July 9, 2014, Defendants published defamatory statements on MissyUSA.com at the web address of http://www.missyuse.com.

14. At all times relevant, the publications on MissyUSA.com were viewed by its members, users, subscribers, or viewers.

15. On or about July 4, 2014 and July 9, 2014, Defendants published on MissyUSA.com the defamatory statements, accusing Plaintiffs of stealing money, running away with the franchisees' money, defrauding the franchisees and being a con artist.

16. On or about July 4, 2014, Defendants published on MissyUSA.com the following statements concerning Plaintiffs (the statements in the block quotation below are referred hereinafter collectively as "Defendants' Statement 1"):

> The franchisor [Caffe Bene Co., Ltd.] takes money and opens stores for anyone, then eats and runs. They [Caffe Bene Co., Ltd.] don't care whether the franchisees go out of business or not.
> ....
> An Italian restaurant called Black Smith, Mainzdome, December 24, and *Chupungryeong Gamjatang* – They all took the money, then sold the company and ran away.
> ....
> They [Caffe Bene Co., Ltd.] are firing people at the headquarters because they have a severe financial loss (forced leave). And Kim Sun Kwon made a company called *Happy Chupungryeong* to open *Gamjatang* restaurant franchise and opened franchisees like crazy and then took the money and ran.
> ....
> [S]omebody in the upper management confessed that they approved franchisees ignoring conflicts with previous stores.

17. On or about July 9, 2014, Defendants published on MissyUSA.com the following statements concerning Plaintiff Kim: He stole every single penny from the

people once through *Chupungryeong Gamjatang* . . . . He is a total con artist (hereinafter "Defendants' Statement 2").

18. Defendants' Statements 1 and 2 were published originally in Korean language.

19. Defendants' Statements 1 and 2 are false, unprivileged, malicious, and grossly irresponsible.

20. At all times relevant, Plaintiffs did not authorize Defendants to publish Defendants' Statements 1 and 2.

21. At all times relevant, Plaintiffs were not public figures.

22. Defendants' statement, "The franchisor [Caffe Bene Co., Ltd.] takes money and opens store for anyone, then eats and runs. They don't care whether the franchisees go out of business or not," is defamatory.

23. Defendants' statement, "An Italian restaurant called Black Smith, Mainzdome, December 24, and *Chupungryeong Gamjatang* – They [Caffe Bene Co., Ltd.] all took the money, then sold the company and ran away," is defamatory.

24. Defendants' statement, "They [Caffe Bene Co., Ltd.] are firing people at the headquarters because they have a severe financial loss (forced leave)," is defamatory.

25. Defendants' statement, "Kim Sun Kwon made a company called *Happy Chupungryeong* to open *Gamjatang* restaurant franchise and opened franchisees like crazy and then took the money and ran," is defamatory.

26. Defendants' statement, "[S]omebody in the upper management confessed that they [Caffe Bene Co., Ltd.] approved franchisees ignoring conflicts with previous stores," is defamatory.

27. Defendants' statement, "He [Sun Know Kim] stole every single penny from the people once through *Chupungryeong Gamjatang*," is defamatory.

28. Defendants' statement, "He [Sun Know Kim] is a total con artist," is defamatory.

29. Upon information and belief, Defendants' publication of Defendants' Statements 1 and 2 were necessarily intended to disparage Plaintiffs' abilities as a franchise company and business person.

30. Upon information and belief, Defendants' publication of Defendants' Statements 1 and 2 were necessarily intended to expose Plaintiffs to public contempt, ridicule, aversion, and disgrace, and induce evil opinions of Plaintiffs individually and professionally in the minds of right-thinking persons.

31. As a result of Defendants' Statements 1 and 2, Plaintiffs have been damaged by losses of business and diminished profits.

32. As a result of Defendants' Statements 1 and 2, Plaintiffs have suffered, *inter alia*, mental and emotional distress, gross impairment of their good name, public embarrassment, humiliation, impairment to their professional reputation, public impairment of their abilities and integrity, and public ridicule.

## COUNT I – DEFAMATION (LIBEL)

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "32" as if fully set forth herein.

34. Defendants' Statements 1 and 2 are false.

35. Defendants' Statements 1 and 2 are malicious.

36. Defendants' Statements 1 and 2 were published by Defendants to third parties, to wit, all members, users, subscribers, or viewers of MissyUSA.com.

37. Defendants' Statements 1 and 2 were published by Defendants without authorization or consent of Plaintiffs.

38. Defendants' Statements 1 and 2 were published by Defendants without privilege.

39. Defendants' Statements 1 and 2 were published by Defendants in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.

40. Defendants had no reasonable basis, at the time of publication or at any other time, to believe that Defendants' Statements 1 and 2 were true.

41. Defendants' publication of Defendants' Statements 1 and 2 were intended to harm or damage Plaintiffs' reputation.

42. As a result of Defendants' defamatory statements, Plaintiffs' reputations have been damaged.

43. As a result of Defendants' defamatory statements, Plaintiffs have sustained business losses.

44. Accordingly, Defendants are liable to Plaintiffs for defamation and should be enjoined from publishing further defamatory statements concerning Plaintiffs.

45. Accordingly, Defendants are liable for damages in the amount of $1 Million.

## COUNT II – DEFAMATION *PER SE*

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "45" as if fully set forth herein.

47. Defendants' Statements 1 and 2 accuse Plaintiffs of a serious crime or fraud.

48. Defendants' Statements 1 and 2 expose Plaintiffs to public contempt, ridicule, aversion, and disgrace, and induce evil opinions of Plaintiffs in the minds of right-thinking persons.

49. Defendants' Statements 1 and 2 are false statements that have injured Plaintiffs in their business trade and profession.

50. Accordingly, Defendants are liable to Plaintiffs for Defamation *per se*.

51. Accordingly, Defendants are liable for damages in the amount of $1 Million.

## COUNT III – INJURIOUS FALSEHOOD

52. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "51" as if fully set forth herein.

53. Defendants' publication of Defendants' Statements 1 and 2 were made with malice and ill will regarding Plaintiffs' business and to induce others to refrain from dealing with Plaintiffs and to deprive Plaintiffs of economic advantage.

54. Defendants' Statements have had and will continue to have the effect of dissuading individuals from doing business with, providing support for, or associating with Plaintiffs.

55. As a result of Defendants' defamatory statements, Plaintiffs have sustained business losses.

56. Accordingly, Defendants are liable to Plaintiffs for injurious falsehood.

57. Accordingly, Defendants are liable for damages in the amount of $5 Million.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

1. For a permanent injunction providing, Defendants shall remove Defendants' Statements 1 and 2 from all places at which such statements have been published;

2. For a permanent injunction providing, Defendants shall be and hereby is enjoined from further publishing Defendants' Statements 1 and 2 and any variation of such statements;

3. For Plaintiffs' costs in this action;

4. For Plaintiffs' reasonable attorneys' fees incurred relating to this action;

5. For Plaintiffs' compensatory damages, $7 Million against each Defendant;

6. For Plaintiffs' punitive damages, $10 Million against each Defendants; and

7. For such other, further and different relief which this Court deems just and proper;

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable herein.

Dated:     Fort Lee, New Jersey
             July 17, 2014

FRECKER & SHIM LLC

By: _____
Haejin A. Shim (HS 3297)
Attorneys for Plaintiff
2160 North Central Road, Suite 112
Fort Lee, New Jersey 07024
(855) 373-2537